## In re KLINGENSMITH.

(Surrogate's Court, Albany County. March 13, 1899.)

1. WILLS—CONSTRUCTION—DEATH OF LEGATEE.

Testatrix devised all her property in trust; the income to be applied to the support of her then husband during his life, and after his death the principal to go to her mother. The husband and mother both died prior to testatrix, who died leaving a second husband surviving. *Held*, that she died intestate, because of such deaths, and her realty descended to her heirs, and the personalty to the surviving husband, by virtue of his common-law marital rights, there being no children.

2. MEDICAL SERVICES FOR WIFE—LIABILITY OF ESTATE.

The estate of a wife, who at her decease was living with her husband, is not chargeable for medical services during her last sickness.

Application by Philip Klingensmith for judicial settlement of his account as executor of the will of Annie Beck, deceased. Account settled, and distribution ordered.

John Gutmann, for executor.

Edward J. Brennan, for Michael Beck.

A. G. Seelmann, for unknown infant heirs at law and next of kin.

Richard M. Bruno, for Christine Bayer.

James M. Kerr, for objecting next of kin and heirs at law.

FITTS, S. Barbara Pullman, Kate Smith, and Elizabeth Bauer, next of kin of the deceased, filed certain objections and amended objections to the accounts of the executor as filed in this proceeding, the same being as follows:

"First. That the item of $186 for medical services and attendance, set out in Schedule D of said account, is not properly chargeable upon the estate of the deceased; she being at the time of her decease a married woman, residing with and living with her husband, who is, in law, personally responsible for such charges. Second. That Christine Bayer, residing at Kirchheimbolanden, Rhein-Pfalz, Germany, mentioned in Schedule F of said account, is not entitled to participate in this estate, under the laws of the state of New York, and the treaties of the United States. Third. That Michael Beck, who is the surviving husband of the said Annie Beck, deceased, is not entitled to the personal property of said deceased, as set out in Schedule F; said personal property not having been reduced to possession by him, and said Michael Beck having waived his right to administer upon the estate, and elected that the will should be admitted to probate. Fourth. That the will is a will both of personal and real property, and was admitted to probate as a will of personal and real property; and the said account is erroneous, in that it does not include all of the personal and real property of the decedent. Fifth. That the will is a will of both personal and real estate, and admitted to probate as a will of personal and real property; and the account is erroneous, in that it does not include or account for any of the real property of the decedent."

Annie Beck died at the city of Albany on the 13th day of November, 1897, leaving a will bearing date July 30, 1889, which was on the 21st day of March, 1898, admitted to probate by the surrogate's court of Albany county; and letters testamentary were on the last-named day issued to Philip Klingensmith, who duly qualified. The deceased was at the time of making of said will a married woman, the wife of one John McArdle, who died on the 2d day of November, 1889. On the 12th day of May, 1892, the testatrix, being then a widow, married Michael Beck. There was no issue of either marriage, and the testatrix left, her surviving, her husband, Michael Beck, no children, no descendants, no parents, an aunt, Christine Bayer, who resides in Germany, and the following cousins, so far as can be ascertained: Philip Klingensmith, Christine Hausman, Margaretha Wagner, Elizabeth Bauer, Kate Smith, Barbara Pullman, and Henry Schafer.

The following are the provisions of the will:

"First. I direct my executrix hereinafter named to pay all my just debts and funeral expenses. Second. I give, devise, and bequeath to my executrix hereinafter named all my property, both real and personal, in trust; the use and income of the same to be used by my said executrix for the care and support of my husband, John McArdle, during his life. Third. After the death of my said husband, I give, devise, and bequeath all of my said property to my mother, Annie Johnson. Fourth. I hereby authorize and empower my executrix hereinafter named to sell and convey any and all of my real property. Fifth. I hereby nominate and appoint my said mother, Annie Johnson, executrix of this, my last will; hereby revoking all former wills by me made. Sixth. In case of the inability of my said mother, Annie Johnson, to act as executrix of this, my will, or in case she refuses so to act, then I nominate and appoint Philip Klingensmith executor of this, my last will, with the same power to sell and to take the said property in trust for the care and support of my said husband."

Annie Johnson, mother of the said testatrix, died on the 31st day of August, 1894. The testatrix, Annie Beck, left real property of the value of about $3,800, and personal property which was inventoried at the value of $9,315.34. The transfer tax has been paid. The executor advertised for claimants to present their claims within the period fixed by law, and such time has expired. On the 24th day of October, 1898, the executor filed his petition for final accounting, together with the account and vouchers, and upon the return day the objections above referred to were filed to the same. Annie Johnson, the person named as executrix in said will, having died prior to the death of the decedent, Philip Klingensmith duly qualified as executor, and entered upon the discharge of his duties. John McArdle, the cestui que trust, having died prior to the decedent, the trust in reference to him lapsed; and Annie Johnson, the person named as legatee and devisee in said will, having died prior to the death of the testatrix, the legacy and devise to her also terminated. So that, in reference to the property of which the testatrix died seised, she died intestate; and, the same being divisible into real and personal, the real estate descended to the heirs of the deceased, and the personal property is to be disposed of in this proceeding.

Michael Beck not having assigned or released his interest in the personal estate of which his wife died seised, and there being no descendants, as husband of the testatrix he acquired the title thereto.

The letters testamentary founded upon the probate of the will are the authentic evidence of the power conferred by the will, and which made it the duty of Mr. Klingensmith, as executor, to take the personal property into his manual possession, for the purpose of its preservation, for the purpose of defraying the funeral expenses, for the purpose of paying the legal claims against the estate, for the purpose of distribution, to be made to the person or persons legally entitled to the same, and for the additional purpose of ascertaining its amount and value, in order to pay the transfer tax. Mr. Klingensmith, by qualifying, assumed all these duties. Having done so, it needs no citation of law that the husband and all others, be they legatees, devisees, heirs at law, next of kin, creditors, or otherwise, were prevented from administering until such letters were revoked.

I therefore find that, as the husband of the testatrix, Michael Beck is entitled to the personal estate of the deceased, by virtue of his common-law marital rights; and, the same not being released or assigned by him, he is entitled, upon the distribution of this estate, to the residuum after the payment of the debts of the deceased, the expenses of this accounting, and the commissions of this executor; and a decree to that effect can be entered.

I also sustain the objections to the item of $186 for medical services; holding that it was the duty of the husband to pay for the same from his own estate, and that it is not a legal charge against the estate of said deceased.